**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHAN ORLANDO LINERO
ANTEQUERA; LINA PAOLA
GUTIERREZ CHACON; PAULA SOFIA
RODRIGUEZ GUTIERREZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-7384

Agency Nos.
A246-158-985
A246-158-986
A246-158-987

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2025[**]
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and PITMAN, District
Judge.[***]

Lead Petitioner, Johan Orlando Linero Antequera ("Linero Antequera"), his

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Robert Pitman, United States District Judge for the
Western District of Texas, sitting by designation.

wife, and his minor child (collectively, "Petitioners"), natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). The Court reviews legal determinations *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id*. (internal quotation marks, citation, and emphasis omitted). We deny the petition for review.

1. Substantial evidence supports the BIA's determination that Petitioners did not face persecution on account of a protected ground. To demonstrate eligibility for asylum, applicants must show that they are unable or unwilling to return to their country of origin because of persecution or a well-founded fear of persecution on account of one or more protected grounds (race, religion,

nationality, membership in a particular social group, or political opinion).

*Rodriguez Tornes v. Garland*, 993 F.3d 743, 750−51 (9th Cir. 2021); 8 U.S.C. §

1101(a)(42)(A). Petitioners assert that they face persecution due to (1) Linero

Antequera's political opinion and (2) his membership in the particular social group

of "social workers in Colombia." The BIA did not err in finding Petitioners failed

to prove either ground.

Petitioners argue that Linero Antequera was targeted for his political opinion

because he worked with displaced people, which implicitly manifested an anti-

armed group political opinion. But "general opposition to gangs and gang

recruitment" does not constitute a protected ground. *Garcia v. Wilkinson*, 988 F.3d

1136, 1144−45 (9th Cir. 2021); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738,

747 (9th Cir. 2008) (same), *abrogated on other grounds by Henriquez-Rivas v.

Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). Record evidence does

not compel the conclusion that Petitioners were targeted on account of a political

opinion beyond general opposition to gangs.[1]

Petitioners also argue that Linero Antequera was part of a proposed

---

[1] Petitioners did not appeal the IJ's decision to the BIA on the grounds that Linero Antequera was targeted because of another political opinion, so any other argument, e.g., that he was targeted because his organization held pro-government views, has not been exhausted. *See* 8 U.S.C.A. § 1252(d)(1); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (non-constitutional claim must have first been raised in administrative proceedings in a manner sufficient to give BIA notice of what was being challenged).

particular social group of "social workers in Colombia." But occupation-based social groups typically lack an immutable characteristic because individuals can change their profession. *See, e.g.*, *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882−83 (9th Cir. 2021) (holding that being a business owner "is not an immutable characteristic because it is not fundamental to an individual's identity"). A profession may constitute a particular social group where specialized training, such as medical training, becomes an immutable characteristic. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022). For instance, in *Plancarte Sauceda,* a nurse was found to be part of a protected social group because her nursing skills made her uniquely useful to a cartel which forced her to treat wounded men. *Id*. at 829−30, 834. Here, by contrast, the IJ found Linero Antequera relied on skills, like analytical reasoning and leadership, for his work as a social worker. The IJ determined that these skills are used for other types of employment and would not cause him to be at risk if he changed professions. The record does not compel a different conclusion. The BIA's decision to deny asylum was supported by substantial evidence.

2. The BIA found that Petitioners waived their challenge to the IJ's denial of withholding of removal and relief under CAT. Because Petitioners did not challenge those determinations before the BIA, any such claims are unexhausted. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Petitioners also

4

did not challenge the BIA's waiver determinations on appeal, so those claims are forfeited. *See*

**PETITION DENIED**.[2]

---

[2] The Motion to Stay Removal [Dkt. 3] is DENIED effective upon issuance of the mandate from this Court.